IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL SAMPSON | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv489 |
| UNITED STATES, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Sampson filed this civil lawsuit pro se while he was an inmate in the Upshur County Jail. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff alleges interference by the United States and several of its agencies with his efforts to patent certain "betterment of mankind innovation[s]" he has developed, including surveilling him by drones, unmarked vehicles, and manned flying machines that mimic trees. (Dkt. #1 at 6, 10.) He says he once saw a billboard "known by the Plaintiff not to exist" that suddenly dissolved to reveal four military personnel on the ground and that military personnel are observing or attempting to contact him in person and on social media. (*Id.* at 10–11.) He claims that $20M awarded to him by the Business Development Financial Group of the United Kingdom disappeared from his bank account. (*Id.* at 11–12.) He believes that settlement of a "Google Plus Data Litigation" was somehow a cover for the theft of his "patent data." (*Id.* at 13.) Plaintiff claims his cellphone was "incapacitated" and that he purchased a new phone that also failed and had an "invisible flashlight" that emits light not visible to the naked eye. (*Id.*) Finally, Plaintiff sues the

following social media or internet-based Defendants for closing or censoring his accounts: Wikipedia, Twitter, WhatsApp, LinkedIn. (*Id.* at 5, 16.)

After entry of a Report and Recommendation that this lawsuit be dismissed pursuant to 28 U.S.C. § 1915(g) due to Plaintiff's history of frivolous litigation, Plaintiff paid the full filing fee for this case. (Dkt. #5.) That Report was accordingly withdrawn. (Dkt. #13.)

**I. Legal Standards and Preliminary Screening**

Plaintiff paid the filing fee for this lawsuit. Nevertheless, because he filed it as a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially

noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* Particularly with regard to any claim that defendants have conspired to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th

Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

**II. Discussion and Analysis**

Plaintiff has spent years litigating several lawsuits based on his alleged inventions in various courts, including some of the same defendants in this case. All of those complaints have been dismissed. *See Sampson v. Sokol*, No. 2:22-381 (W.D. Pa. Apr. 27, 2022); *Sampson v. Gray*, No. 4:19-090 (S.D. Ga. Jul. 2, 2019); *Sampson v. Davidson Inventor Serv.*, No. CV 19-430, 2019 WL 1932432, at *2 (W.D. Pa. May 1, 2019). Plaintiff's repetition and recrafting of the same root issues into yet another lawsuit renders the present claims "frivolous or malicious" for purposes of screening under the PLRA. *Pittman*, 980 F.2d at 994–95; *Cummings v. Mason*, No. 1:11-CV-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011) (holding claim "that merely repeats pending or previously litigated claims may be dismissed . . . as frivolous or malicious").

Moreover, Plaintiff's claims about a vast conspiracy of harassment and interference to suppress his "betterment of mankind" inventions are clearly delusional and thus subject to dismissal as factually frivolous. *See Starrett v. United States Dep't of Def.*, 763 F. App'x 383, 383–844 (5th Cir. 2019) (affirming dismissal of "outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent

technology" brought against "a wide variety of government agencies and private companies" because the "pleaded facts are facially implausible"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 916-918 (11th Cir. 2013) (affirming dismissal of complaint as frivolous where plaintiff alleged that government officials implanted microchips in her body that caused her injury and pain). Courts that have already dismissed similar claims from Plaintiff have suggested as much. *Sampson v. Davidson Inventor Serv.*, 2019 WL 1932432, at *2 (holding that Plaintiff's allegations about his inventions were not "'plausible' pursuant to the requirements of *Twombly*"); Order and Report and Recommendation at 4–5, *Sampson v. Gray*, No. 4:19-090 (finding Plaintiff's allegations about his inventions to be "outstandingly frivolous" and "fanciful nonsense"). And this Court has previously dismissed claims of "widespread and far-reaching surveillance" where a plaintiff's "allegations of conspiracy are baseless and appear to be spun entirely from fantasy." *Lewis v. Country of Russia*, No. 4:18-00124, 2019 WL 2246574, at *3 (E.D. Tex. Apr. 1, 2019), *report and recommendation adopted*, No. 4:18-CV-124, 2019 WL 2225358 (E.D. Tex. May 23, 2019).

**III. Conclusion**

For the reasons set forth above, Plaintiff's complaint is frivolous and malicious and fails to state a claim for which relief can be granted. Traditionally, district courts permit a *pro se* plaintiff an opportunity to amend his complaint before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff's core allegations are clearly delusional, and they already been litigated repeatedly in different forms and contexts. There is no reason to believe that he could amend his complaint in a way that would make it viable. Dismissal is therefore appropriate.

5

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 1st day of June, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE